**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICHARD JONES; JILL JONES,

             Plaintiffs - Appellants,

    v.

UNITED STATES OF AMERICA,

             Defendant - Appellee.

No. 11-16609

D.C. No. 1:08 cv-1137-AWI

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Senior District Judge, Presiding

Argued and Submitted December 4, 2012
San Francisco, California

Before:    D.W. NELSON, TASHIMA, and MURGUIA, Circuit Judges.

Plaintiffs Richard and Jill Jones appeal from the district court's order

dismissing their second amended complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6). The district court held that Plaintiffs failed to state a claim

against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

§§ 1346(b), 2671-2680.  Under the FTCA, the government's liability is measured against the liability of a private party in the forum state where the wrong is alleged to have occurred.  28 U.S.C. § 2674.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Richard Jones was injured while working as a porter at the Wawona Hotel and Annex (the "Wawona"), located in Yosemite National Park.  Mr. Jones was employed by DNC Parks & Resorts at Yosemite, Inc. ("DNC"), an independent contractor that operated the Wawona pursuant to a Concession Contract with the National Park Service.  Mr. Jones suffered the injuries underlying this suit when he fell from a 12-inch step leading into the Wawona's boiler room.

1.    **Retained Control**

Plaintiffs assert that they do not allege a negligence claim under a theory of "negligent exercise of retained control," and that the *Privette* line of cases does not apply here.  Even had Plaintiffs based their negligence claim on this theory, however, the claim would not survive the government's motion to dismiss because the National Park Service's inaction in merely permitting the dangerous condition to persist did not rise to the level of affirmative contribution necessary to sustain a claim of negligent exercise of retained control.  It is settled law that merely permitting a dangerous condition to persist does not rise to the level of affirmative

2

contribution necessary on the part of the hiring party to sustain a claim of negligent exercise of retained control. *See Hooker v. Dep't of Transp.*, 38 P.3d 1081, 1091-92 (Cal. 2002; *Tverberg v. Fillner Constr., Inc.*, 136 Cal. Rptr. 3d 521, 527 (Ct. App. 2012).

### 2.    Premises Liability

Plaintiffs' allegations similarly do not support a claim of premises liability. The district court did not err in holding that Plaintiffs failed to state a claim for premises liability because they did not allege that DNC "[did] not know and could not reasonably [have] ascertain[ed] the condition" of the unsafe step. *Kinsman v. Unocal Corp.*, 123 P.3d 931, 940 (Cal. 2005). Under these circumstances, the district court properly dismissed Plaintiffs' premises liability claim.

**AFFIRMED.**